F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 2002**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

KERMIT OTIS WILLIAMS,

       Defendant - Appellant,

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

LAMONT WILLIAMS,

       Defendant - Appellant,

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

CHARLES CALHOUN,

       Defendant - Appellant,

No. 00-5235
(D.C. No. 99-CR-33-C)
(N. District of Oklahoma)

No. 00-5236
(D.C. No. 99-CR-33-C)
(N. District of Oklahoma)

No. 00-5141
(D.C. No. 99-CR-33-C)
(N. District of Oklahoma)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DRICK EUGENE WILLIAMS,

Defendant - Appellant,

No. 00-5242
(D.C. No. 99-CR-33-C)
(N. District of Oklahoma)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHEN THOMAS,

Defendant - Appellant.

No. 00-5244
(D.C. No. 99-CR-33-C)
(N. District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **PORFILIO**, and **BRORBY**, Senior Circuit Judges.

---

[*] Charles Calhoun's case (number 00-5141) is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). Oral argument was heard in the cases of Kermit Otis Williams (number 00-5235), Lamont Williams (number 00-5236), Drick Eugene Williams (number 00-5242), and Stephen Thomas (number 00-5244).

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendants Kermit Otis Williams, Lamont Williams, Drick Eugene Williams, Stephen Thomas, and Charles Calhoun appeal their convictions for conspiracy to possess, with intent to distribute, cocaine and cocaine base in violation of 21 U.S.C. § 846. Calhoun also appeals his conviction for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). These cases involve similar facts, and defendants raise many of the same arguments on appeal. Thus, we consolidate the cases for the purposes of oral argument and decision. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we remand in part and affirm in part.

## I

Because the parties are familiar with the facts, or at least their respective versions, we need not set them forth here. Defendants raise a total of thirteen issues on appeal. All defendants claim that the district court erred in refusing to grant defendants' requested jury instruction defining the elements of conspiracy; that the district court should have granted defendants a mistrial after the admission of allegedly inflammatory hearsay testimony; and that the district court erred in allowing a conviction for a single conspiracy to stand because more than one conspiracy was proven at trial. Drick Williams, Lamont Williams, and Calhoun argue that there was insufficient evidence to establish the type and quantity of drugs, and that the district court committed error under Apprendi v.

-3-

New Jersey, 530 U.S. 466 (2000), in not submitting the type and quantity of drugs to the jury for determination.  Calhoun and Lamont Williams claim that the conversion of cocaine to crack was contrary to the law and evidence.  Drick Williams, Thomas, and Calhoun contend that the prosecutor engaged in prosecutorial misconduct, which denied defendants a fair trial, when he elicited witness testimony regarding Calhoun's violent past.  Drick Williams asserts that the district court erred in admitting evidence of his 1994 arrest for cocaine possession as proof of an overt act for the charged conspiracy, and that there was insufficient evidence establishing interdependence between Drick and his co-defendants to convict him of conspiracy.  Thomas contends that the district court erred in admitting his 1991 statement to an Arizona police officer without determining the voluntariness of the statement, that the district court erred in admitting evidence of other crimes and not granting a requested limiting instruction, and that the district court erred in denying his motion to suppress evidence seized with a search warrant that was based on a flawed affidavit.  Finally, Drick Williams and Thomas allege that there is cumulative error warranting reversal of their convictions.

**II**

We review the district court's application of the sentencing guidelines de novo, United States v. Wagner, 994 F.2d 1467, 1470 (10th Cir. 1993), and review

-4-

its factual findings for clear error, <u>United States v. Easterling</u>, 921 F.2d 1073, 1077 (10th Cir. 1990).

**A**

Calhoun was sentenced to 360 months' imprisonment for conspiracy to possess, with intent to distribute, cocaine and cocaine base in violation of 21 U.S.C. § 846. He contends that because the issue of drug quantity was never submitted to the jury and the maximum sentence without this finding was 240 months, his sentence suffers from <u>Apprendi</u> error.

Even though Calhoun did not raise this objection at trial or during sentencing, the government tells us that, "[i]n light of the sentencing court's eventual application of <u>Apprendi</u> to the co-defendant's sentence, fairness and equity would seem to dictate a likewise treatment of Calhoun." (Appellee's Br. at 48.) Counsel for the government reiterated this sentiment at oral argument. Given the government's position and the stated purpose of the sentencing guidelines to eliminate disparate sentencing, U.S.S.G. ch. 1, pt. A, § 3, we remand the issue of Calhoun's sentence so that the trial court may consider the government's appellate position.

**B**

Lamont Williams was sentenced to twenty years' imprisonment based on the adoption by the district court of the factual findings and guidelines application

set forth in the October 24, 2000 presentence investigation report ("PSR").  That PSR stated:

> Over the life of the conspiracy [Lamont] Williams caused the procurement, transportation, and processing of at least 269.75 grams of cocaine base and approximately 3,000 grams of cocaine.  The object of the conspiracy was to distribute crack cocaine; therefore, for sentencing purposes, amounts of powder cocaine are converted to amounts of crack cocaine.  [Lamont] Williams is responsible for 3,269.75 grams, or 3.270 kilograms, of crack cocaine.

(2(B) R. at 9.)  This drug quantity resulted in a base offense level of thirty-eight.  (2(B) R. at 10.)  Taking into account other adjustments and Lamont Williams's criminal history category of I, the relevant sentencing range was 360 months to life.  Due to the district court's concern that a sentence within this range would run afoul of Apprendi, the court sentenced Lamont Williams to the statutory maximum of 240 months.

Lamont Williams objected to the arithmetic utilized below, and on appeal again disputes the district court's application of the sentencing guidelines in calculating the quantity of cocaine base attributable to him.

"Under the guidelines, it is proper to sentence a defendant under the drug quantity table for cocaine base if the record indicates that the defendant intended to transform powdered cocaine into cocaine base." United States v. Angulo-Lopez, 7 F.3d 1506, 1511 (10th Cir. 1993), supercession on other grounds recognized by United States v. Kissick, 69 F.3d 1048, 1053 (10th Cir. 1995).  The

application notes further provide, "Where there are multiple transactions of multiple drug types, the quantities of drugs are to be added.  Tables for making the necessary conversions are provided below."  U.S.S.G. § 2D1.1, cmt. n.6.  Utilizing the tables, one gram of cocaine is equivalent to 200 grams of marihuana, and one gram of cocaine base is equivalent to 20,000 grams of marihuana.

The district court erred in adopting the PSR's calculation, which did not convert the amount of cocaine to its cocaine-base equivalent before adding the quantities.  Under the guidelines, 3000 grams of cocaine is equivalent to 600,000 grams of marijuana, which, in turn, is equivalent to 30 grams of cocaine base.  Added to the other 269.75 grams of cocaine base attributable to Lamont Williams, the total relevant drug quantity is 299.75 grams, not 3,269 grams as the district court held.  This quantity produces a base offense level of 34 and, when combined with other adjustments and Lamont Williams's criminal history category of I, leads to a sentencing range of 235 to 293 months.  See U.S.S.G. Ch. 5 Pt. A.

Not knowing that he was eligible for a lesser sentence, the district court sentenced Lamont Williams to serve 240 months' imprisonment.  We cannot conclude that its error was harmless, and we therefore vacate Lamont Williams's sentence and remand his case for further proceedings consistent with this order and judgment.

## III

Having heard oral argument and having carefully considered the record, the briefs, and applicable law, we conclude the remaining issues are not meritorious. We therefore **AFFIRM** the convictions of Calhoun and Lamont Williams and the convictions and sentences for Kermit Williams, Drick Williams, and Thomas. We **REMAND** Calhoun's sentence for reconsideration and **VACATE** and **REMAND** Lamont Williams's sentence.

ENTERED FOR THE COURT

PER CURIAM