FILED
United States Court of Appeals
Tenth Circuit

October 21, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DRICK EUGENE WILLIAMS,

Defendant-Appellant.

No. 08-5044
(D.C. No. 4:99-CR-00033-HDC-5)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

---

Appellant Drick Eugene Williams, a federal prisoner proceeding pro se,

appeals the district court's denial of his motion filed pursuant to 18 U.S.C.

§ 3582(c)(2) to modify his sentence based on Amendment 706 to the United

States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). We take jurisdiction

under 28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

A jury convicted Mr. Williams and several codefendants of conspiracy to possess cocaine and more than fifty grams of cocaine base with intent to distribute. Mr. Williams was sentenced to the statutory maximum of 240 months' imprisonment under 21 U.S.C. § 841(b)(1)(C). His conviction and sentence were affirmed on appeal. *United States v. Williams*, 44 F. App'x 362, 365 (10th Cir. 2002), *cert. denied*, 537 U.S. 1142 (2003).

Mr. Williams filed his motion for sentence reduction under § 3582(c)(2) based on Amendment 706 of the Guidelines. "The Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine. Amendment 706 took effect November 1, 2007 and was made retroactive as of March 3, 2008." *United States v. Sharkey*, ___ F.3d ___, 2008 WL 4482893, at * 1 (10th Cir. Oct. 7, 2008).

It is undisputed that under the former Guidelines regime, Mr. Williams' base offense level was 38, with a two-level enhancement for a supervisory role, and a two-level increase for use of persons under age eighteen in the commission of the offense, for a total offense level of 42. With his criminal history category II, this resulted in a Guideline range of 360 months to life. But the statutory maximum for Mr. Williams' conviction was 240 months, so the district court sentenced him to 240 months.

Application of Amendment 706 results in a base offense level of 36. With the two-level enhancement for a supervisory role and a two-level increase for use of persons under age eighteen in the commission of the offense, the total offense level is 40, with a Guideline range of 324 to 405 months. This Guideline range is still higher than the statutory maximum of 240 months. Accordingly, the district court denied the § 3582(c)(2) motion.

Mr. Williams appeals. He relies on U.S.S.G. § 1B1.10(b)(2)(B) and application note 3, which provide that if the original term of imprisonment was less than the term indicated by the then-applicable Guideline range, a comparable reduction under the Amendment 706 Guideline may be appropriate. He argues that because his original sentence of 240 months (the statutory maximum) was less than the then-applicable Guideline range of 360 months to life, a comparable reduction should be made to his new Guideline range of 324 to 405 months to reach an appropriate sentence. He contends that an appropriate sentence would be 216 months. He also contends that in denying his §3582(c)(2) motion, the district court failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

In addition, he maintains that the district court's refusal to impose a new, reduced sentence ran afoul of *United States v. Booker*, 543 U.S. 220 (2005), because the district court merely re-imposed the original sentence without recognizing that the Guidelines are advisory, not mandatory. Finally, he claims

that two of his codefendants received reconsideration of their sentences, so he is also entitled to reconsideration.

*Legal Standards and Analysis*

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation omitted). "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C.§ 3582(c)(2)." *Sharkey*, 2008 WL 4482893, at * 2. We construe liberally pleadings filed by pro se litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Amendment 706 lowered the base offense level for drug offenses involving crack cocaine. *See* U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. to App. C, Amend. 706. When, as here, a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Smartt*, 129 F.3d at 540 (quotation and brackets omitted). As applicable to Mr. Williams' situation, § 3582(c) allows the court to modify a sentence only if the sentencing range is subsequently lowered by the Sentencing Commission.

Contrary to his argument that Amendment 706 entitles him to a reduction of his statutory-maximum sentence, Mr. Williams does not fall within the situation covered by U.S.S.G. § 1B1.10(b)(2)(B). That section does not address a sentence to the statutory maximum. Rather, "[p]ursuant to U.S.S.G. § 5G1.1(a),

-4-

if a statutory maximum sentence is less than the minimum of the applicable Guideline range, the statutory maximum sentence shall constitute the recommended sentence under the Guidelines." *Unites States v. Benally*, 541 F.3d 990, 993 (10th Cir. 2008). Because Mr. Williams' minimum Guideline sentence, even after Amendment 706, was more than the statutory maximum sentence, he is not entitled to a sentence reduction. *Cf. Sharkey*, 2008 WL 4482893, at * 2 (holding a reduction in defendant's sentence as a career offender not authorized under § 3582(c)(2) because Amendment 706 did not lower his applicable Guideline range under career-offender Guidelines). Therefore, the district court did not abuse its discretion in denying the § 3582(c)(2) motion.

Mr. Williams also contends that the district court's denial of his § 3582(c)(2) motion violates *Booker*. This court has held that § 3582(c)(2) motions may not be used to present *Booker* claims seeking resentencing simply because *Booker* rendered the Guidelines advisory. *See United States v. Price*, 438 F.3d 1005, 1007 & n.2 (10th Cir. 2006). In addition, the policy statement in U.S.S.G. § 1B1.10 provides:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*

U.S.S.G. § 1B1.10(b) (Supp. 2008) (emphasis added). Thus, § 3582(c)(2) permits the court to consider only whether Mr. Williams is entitled to a two-level offense reduction under Amendment 706, not to reevaluate his sentence under the Guidelines.

Finally, we must reject Mr. Williams' argument that because two of his codefendants received reduced sentences pursuant to Amendment 706, his sentence must be reduced to avoid a disparity in sentencing. A sentencing court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). "But § 3553(a)(6) does not require the sentencing court to compare the sentences of codefendants; rather, it looks to uniformity on a national scale." *United States v. Ivory*, 532 F.3d 1095, 1107 (10th Cir. 2008). Mr. Williams has not made a showing that his sentence is more severe than those of similarly-situated defendants on a national scale, or even that his situation is similar to that of his codefendants. Therefore, we conclude that he is not entitled to relief on this claim.

The district court's order denying Mr. Williams' § 3582(c)(2) motion is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge