FILED
United States Court of Appeals
Tenth Circuit

January 8, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

KERMIT OTIS WILLIAMS,

     Defendant-Appellant.

No. 08-5111
(D.Ct. No. 4:99-CR-00033-HDC-3)
(N.D. Okla.)

_____

ORDER AND JUDGMENT[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Kermit Otis Williams, a federal inmate, appeals the district

court's denial of his request for a variance sought in conjunction with his motion

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

under 18 U.S.C. § 3582(c)(2) to modify his sentence based on 18 U.S.C. § 3553(a)(6). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Procedural Background

On April 4, 2000, a jury convicted Mr. Williams of conspiracy to possess with intent to distribute and to distribute cocaine base (crack) in violation of 21 U.S.C. § 846. After Mr. Williams was convicted, a federal probation officer prepared a presentence report in conjunction with the 1998 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") to determine his sentence. Based on Mr. Williams's participation in a conspiracy to distribute 715.06 grams of crack cocaine, his base offense level was assessed at 36. The probation officer then enhanced his base offense level two levels for his possession of a firearm during the offense and two levels for his role in the offense, for a total offense level of 40. Mr. Williams's total offense level of 40, combined with his criminal history category of I, resulted in a Guidelines range of 292 to 365 months imprisonment. However, because the sentence could not be more than the statutory maximum of twenty years, the probation officer determined the Guidelines range was 240 months imprisonment.

Thereafter, the district court sentenced Mr. Williams to 240 months imprisonment. We affirmed Mr. Williams's conviction and sentence on direct

appeal, *see United States v. Williams*, 44 F.App'x 362 (10th Cir. Aug. 8, 2002) (unpublished op.) (per curiam), and the Supreme Court denied his petition for a writ of certiorari, *see Williams v. United States*, 537 U.S. 1095 (2002). Thereafter, Mr. Williams sought a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 habeas petition, and we denied his request and dismissed his appeal. *See United States v. Williams*, 117 F.App'x 21 (10th Cir. Oct. 20, 2004) (unpublished op.).

On February 29, 2008, Mr. Williams filed the instant motion to modify his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 706 to U.S.S.G. § 2D1.1(c) which modified the Drug Quantity Table contained therein downward two levels for crack cocaine and became effective November 1, 2007, and retroactive as of March 3, 2008. *See* U.S.S.G. Supp. to App'x C, Amend. 706 (Reason for Amend.); U.S.S.G. § 1B1.10(a) and (c) (Nov. 1, 2007); Amends. 712 and 713 (Mar. 3, 2008 Supp.). In his motion, Mr. Williams also argued for a downward variance, based on 18 U.S.C. § 3553(a)(6), for a reduced sentence of 188 months imprisonment in order to avoid what he claimed was an unwarranted sentencing disparity in comparison with his co-defendant, Lamont Williams, who received a 188-month sentence.

After appointing counsel to represent Mr. Williams and receiving briefing

from the parties, the district court issued an order determining Mr. Williams's total offense level should be retroactively reduced from 40 to 38, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, for an amended Guidelines range of 235 to 240 months imprisonment. *See* U.S.S.G. § 2D1.1(c)(1) (Drug Quantity Tbl.) (2007 ed.). After noting the motion for such a reduction was unopposed, the district court granted that portion of Mr. Williams's § 3582 motion requesting a reduction in sentence to 235 months imprisonment.

Next, the district court denied Mr. Williams's request for a downward variance. In so doing, it discussed the merits of his argument and explained, in part, that Mr. Williams did not present any "individualized factors" distinguishing him "from other similarly situated defendants" but, instead, presented "a broad, categorical argument" insufficient to support the requested variance. It explained sentencing decisions must be grounded in case-specific considerations and not on a general disagreement with broad-based policies pronounced by Congress and the Sentencing Commission. It also stated it could not "completely ignore the ratio differences between cocaine powder and crack cocaine because the advisory guideline range, which remains relevant under § 3553(a) analysis, and the statutory minimum and mandatory sentences reflect Congress' preferred ratio." R., Vol. 1, 7/14/08 Order at 2.

II.  Discussion

Mr. Williams now appeals the district court's dismissal of his motion to modify his sentence under 18 U.S.C. § 3582(c)(2) for a downward variance under 18 U.S.C. § 3553(a)(6).  In support, he argues his sentence is procedurally unreasonable based on the district court's failure to recognize the applicable law established in *Kimbrough v. United States*, 128 S. Ct. 558, 574-76 (2007).  In *Kimbrough*, the Supreme Court explained the cocaine guidelines, which provide a recognized disparity between cocaine base and powder, could not be applied mandatorily but are advisory and subject to the particular circumstances of each case.  *See id.*

We begin by noting that in *Kimbrough* the issue regarding Guidelines sentencing disparities between cocaine base (crack) and cocaine powder was raised and addressed in the original proceeding.  *See id.* at 564-66.  In contrast, Mr. Williams's argument for a variance relies on § 3582(c)(2) in a modification proceeding, which is precluded by our prior precedent.  In *United States v. Rhodes*, we held § 3582(c)(2) does not permit resentencing based on 18 U.S.C. § 3553 factors and objectives, but is much more limited, authorizing "a district court to reduce the term of imprisonment only if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  549 F.3d 833, ___, 2008 WL 5102247, at *5 (10th Cir. Dec. 5, 2008).  Applying

similar reasoning, in *United States v. Sharkey* this court rejected the same argument presented here that § 3582(c)(2) somehow authorizes a sentence reduction based on the 18 U.S.C. § 3553(a) factors and the Supreme Court's decision in *Kimbrough*.  *See* 543 F.3d 1236, 1238-39 (10th Cir. 2008).  Even before *Rhodes* and *Sharkey*, this court held § 3582(c)(2) motions may not be employed to present *Booker*-type claims, as "§ 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the [sentencing] range."  *United States v. Price*, 438 F.3d 1005, 1007 & n.2 (10th Cir. 2006).  Thus, under § 3582, it is clear the district court could consider only whether Mr. Williams was entitled to a two-level offense reduction under Amendment 706, and not the merits of whether any other reduction of his sentence was warranted under § 3553.

### III.  Conclusion

For these reasons, we **AFFIRM** on other grounds the district court's order denying, in part, Mr. Williams's motion filed pursuant to 18 U.S.C. § 3582(c)(2) for a downward variance.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge