FILED
United States Court of Appeals
Tenth Circuit

October 7, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PATRICK O. SHARKEY,

Defendant-Appellant.

No. 08-3115

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 02-CR-40145-01-SAC)

---

Submitted on the briefs:

Patrick O. Sharkey, Pro Se.

Eric F. Melgren, United States Attorney, District of Kansas, Wichita, Kansas; James A. Brown, Assistant United States Attorney, District of Kansas, Topeka, Kansas, for Plaintiff-Appellee.

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

Defendant-Appellant Patrick O. Sharkey entered a guilty plea to one count

of distribution of cocaine base (i.e., "crack" cocaine) within one thousand feet of

a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a), and was sentenced to 188 months in prison. Although his plea agreement reserved his right to appeal certain determinations regarding sentencing, Sharkey did not appeal his sentence. Sharkey filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, but it was dismissed as untimely.

Sharkey, proceeding pro se, now contends the district court erred by denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the retroactive modification to the United States Sentencing Guidelines ("Guidelines").[*] The Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine. Amendment 706 took effect November 1, 2007 and was made retroactive as of March 3, 2008. See U.S.S.G. App'x C Supplement, Amendment 706 (Nov. 1, 2007) (regarding 2-level reduction); U.S.S.G. App'x C Supplement, Amendment 713 (Mar. 3, 2008) (regarding retroactivity). We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

I.  Procedural and Factual History[1]

In December 2002, Sharkey was indicted on multiple drug and firearms charges.  He ultimately entered a plea of guilty to one count, distributing crack cocaine within one thousand feet of a school, in exchange for dismissal of the remaining counts.  Prior to sentencing, a presentence report ("PSR") was prepared, which calculated a Guideline § 2D1.1 base offense level of 33 for the amount of cocaine base, a 2-level firearm enhancement, and a 3-level acceptance of responsibility reduction, for a total offense level of 32.  With Sharkey's criminal history category of VI, the Guideline sentencing range was 210 to 262 months' imprisonment.  The PSR also recommended a finding that Sharkey was a career offender under Guideline § 4B1.1, which carried a base offense level of 34.  With the 3-level reduction for acceptance of responsibility bringing his total offense level to 31, the PSR calculated a range of 188 to 235 months' imprisonment under the career offender Guideline.

At the sentencing hearing, the district court sustained Sharkey's objection to the PSR's relevant conduct findings on the amount of drugs attributable to Sharkey.  That ruling resulted in the § 2D1.1 total offense level dropping from 32 to 30.  Because Sharkey's total offense level was 31 under the career offender

---

[1]  This section is adapted from the district court's memorandum and order denying Sharkey's motion.  See United States v. Sharkey, No. 02-40145-01-SAC, 2008 WL 1766966 (D. Kan. Apr. 15, 2008) (district court memorandum and order denying Sharkey's § 3582 motion).  Sharkey does not contend the district court was in error in its recitation of the factual and procedural history of his case.

guideline, the district court applied the higher career offender guideline in accordance with Guideline § 4B1.1(b). Therefore, the district court sentenced Sharkey using the career offender Guideline range of 188 to 235 months, and Sharkey was sentenced to 188 months' imprisonment.

Sharkey reserved the right to appeal his sentence, but he did not do so. He filed a motion attacking his sentence under 28 U.S.C. § 2255, but it was dismissed as untimely. In his most recent challenge to his sentence, Sharkey filed a motion to reduce the sentence pursuant to 18 U.S.C. § 3582. Sharkey argued that the Guideline's retroactive amendment to the crack cocaine base offense levels applied to his sentence, and that the district court should reduce his sentence on that basis. Sharkey also requested that the district court, when resentencing him based on Amendment 706, further reduce his sentence using the 18 U.S.C. § 3553(a) factors and the recent Supreme Court cases of United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 128 S.Ct. 558 (2007). The district court denied Sharkey's motion, and this appeal follows.

## II. Legal Standards and Analysis

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation omitted). We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2). United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir. 1996).

4

When a "motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." Smartt, 129 F.3d at 540 (internal quotation and alteration omitted).

Section 3582(c)(2) states that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added). The Sentencing Commission's policy statement at Guideline § 1B1.10(a)(2)(B) states that a reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if" the reduction "does not have the effect of lowering the defendant's applicable guideline range." Guideline section 1B1.10(b)(1) also states that when determining whether a reduction is appropriate, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced."

At the time defendant was sentenced, had Amendment 706 been in place, it would have lowered by two levels his base offense level under § 2D1.1 to 28.

5

See U.S.S.G. § 2D1.1(c)(1). However, Amendment 706 had no effect on the career offender guidelines in § 4B1.1, which were the guidelines used by the district court in sentencing Sharkey. As a result, "a reduction" in Sharkey's term of imprisonment "is not consistent with" the policy statement in § 1B1.10 "and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" because a two-level reduction in the offense level under Amendment 706 "does not have the effect of lowering [his] applicable guideline range." See U.S.S.G. § 1B1.10(a)(2)(B), Amendment 712 (March 3, 2008 Supp.). Because Amendment 706 has no effect on the Guideline Sharkey was sentenced under, Sharkey's motion for relief pursuant to § 3582(c)(2) was properly denied.

The district court did not resentence Sharkey and therefore had no occasion to consider the 18 U.S.C. § 3553(a) factors. In addition, we have previously rejected Sharkey's argument that the Booker line of cases provides a separate basis for relief under § 3582(c)(2). See United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006). Section 3582(c) allows the court to modify a sentence in only three limited circumstances, including: (1) on motion of the Director of the Bureau of Prisons if special circumstances exist; (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the sentencing range is subsequently lowered by the Sentencing Commission. We explained in Price that "even if Booker could be read to be an implicit lowering of [defendant's] sentencing range, § 3582(c)(2) only expressly allows a reduction

6

where the Sentencing Commission, not the Supreme Court, has lowered the range." Id. Thus, "Booker does not provide a basis for a sentence reduction under § 3582(c)[(2)]." Id. Like Booker, the rule in Kimbrough also originated with the Supreme Court and not the Sentencing Commission. As a result, Kimbrough is also not a basis for relief under § 3582(c)(2), which permits a reduction in sentence only if consistent with Sentencing Commission policy statements.

## III. Conclusion

The district court correctly interpreted Amendment 706, and did not abuse its discretion when it denied Sharkey's 18 U.S.C. § 3582(c)(2) motion. AFFIRMED.