**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOHNNY D. MARTIN,

      Defendant-Appellant.

No. 08-3138
(D.C. No. 2:99-CR-20091-KHV-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Following his September 2000 guilty plea to one count of distribution of

crack cocaine in violation of 21 U.S.C. § 841(a)(1), the district court sentenced

Johnny D. Martin to 151 months' imprisonment. Pursuant to 18 U.S.C.

§ 3582(c)(2), Martin filed a motion to reduce his sentence and a motion to modify

his sentence. Martin argued that amendments promulgated by the United States

Sentencing Commission ("Sentencing Commission") relative to the crack cocaine

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

drug quantity table authorized a reduction of his sentence. The district court denied the motions, and Martin appeals. For substantially the same reasons as the district court, we affirm.

**I**

On July 24, 2000, Martin was charged by information with one count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Martin entered a guilty plea on August 7, 2000, and appeared for sentencing on September 11, 2000.

Because Martin distributed approximately 24.35 grams of cocaine base, his presentence report ("PSR") calculated a base offense level of 28 under the United States Sentencing Guidelines ("Guidelines"). See U.S.S.G. § 2D1.1(c)(6) (2000). With a three-level downward adjustment for acceptance of responsibility, Martin's adjusted offense level was calculated as 25. See § 3E1.1.

Under Guidelines § 4B1.1, however, Martin qualified as a career offender because he was at least eighteen years old at the time of the instant offense, the instant offense was a controlled substance offense, and he had at least two prior felony convictions for crimes of violence. Accordingly, because Martin faced a statutory maximum sentence of 20 years' imprisonment, see 21 U.S.C. § 841(b)(1)(C), his offense level was recalculated at 32, see U.S.S.G. § 4B1.1(b).[1]

---

[1] In relevant part, U.S.S.G. § 4B1.1 provided:

(continued...)

With the three-level reduction for acceptance of responsibility, Martin's final offense level was reduced to 29.  See §§ 3E1.1, 4B1.1(b).  Combined with a criminal history category of VI, see § 4B1.1(b), his resulting Guidelines range was 151 to 188 months' imprisonment.  The district court sentenced Martin to the bottom end of that range.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, substantially revising the Drug Quantity Table in § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). "The effect of Amendment 706 is to provide a two-level reduction in base offense levels for crack cocaine offenses." United States v. Moore, 2008 WL 4093400, at *1 (11th Cir. Sep. 5, 2008). Relatedly, the Sentencing Commission promulgated Amendment 713, which made

---

[1](...continued)
      If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply.  A career offender's criminal history category in every case shall be Category VI.

| Offense Statutory Maximum | | Offense Level |
|---|---|---|
| (A) | Life | 37 |
| (B) | 25 years or more | 34 |
| (C) | 20 years or more, but less than 25 years | 32 |
| (D) | 15 years or more, but less than 20 years | 29 |
| (E) | 10 years or more, but less than 15 years | 24 |
| (F) | 5 years or more, but less than 10 years | 17 |
| (G) | More than 1 year, but less than 5 years | 12 |

U.S.S.G. § 4B1.1 (2000) (footnote omitted).

Amendment 706 retroactive in certain cases. U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).[2]

In December 2007 and March 2008, Martin filed two motions under 18 U.S.C. § 3582(c)(2) seeking a reduction or modification of his 151-month sentence. Martin contended that Amendment 706 reduced his base offense level under § 2D1.1 from 28 to 26, and that his sentence should be reduced accordingly. In May 2008, the district court denied Martin's motions, concluding that Amendment 706 was inapplicable to Martin's case because Martin had been sentenced as a career offender pursuant to § 4B1.1. The district court therefore ruled that it lacked authority under 18 U.S.C. § 3582(c)(2) to reduce or modify the sentence.

## II

Under § 3582(c)(2), a district court may reduce a defendant's term of imprisonment if the defendant's sentencing range has been lowered by the Sentencing Commission and such a reduction is consistent with applicable policy

_____

[2] Martin does not cite Amendment 713, but instead cites Amendments 706 and 711. Amendment 711 modifies Amendment 706, but does not address the issue of retroactivity. U.S.S.G. App. C, Amend. 711 (2007). Amendment 713 provides that Amendments 706 and 711 may be applied retroactively in certain circumstances. U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008). Because Martin filed his appeal pro se, and because the district court considered the retroactivity issue, we liberally construe Martin's argument that Amendment 706 authorizes the district court to reduce his sentence as an argument that Amendment 713 creates such authority. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

statements issued by the Commission. Nonetheless, a district court is not authorized to reduce a defendant's sentence if an amendment to the Guidelines does <u>not</u> lower the defendant's sentencing range. U.S.S.G. § 1B1.10(a)(2)(B) (Supp. May 1, 2008) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the Amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Martin is correct that Amendment 706 reduces by two levels the base offense level associated with crack cocaine offenses. U.S.S.G. App. C, Amend. 706 (2007). But the Amendment applies only to sentences calculated pursuant to § 2D1.1(c), which sets offense levels based on the quantity of cocaine base distributed. The Amendment simply does not apply to Martin's sentence because Martin was sentenced as a career offender pursuant to § 4B1.1. As a career offender facing a statutory maximum sentence of 20 years' imprisonment, Martin's offense level was set at 32 without regard to the amount of crack cocaine he distributed. § 4B1.1. Amendment 706—which only affects sentencing ranges determined by the amount of crack cocaine attributable to a defendant—plainly has no effect upon a sentencing range determined by a defendant's status as a career offender. Even Martin admits that his sentence was determined by his career offender status. Accordingly, because Amendment 706 "does not have the effect of lowering [Martin's] applicable guideline range," <u>see</u> § 1B1.10(a)(2)(B),

the district court correctly concluded that it lacked authority under 18 U.S.C. § 3582(c)(2) to reduce or modify Martin's sentence. See United States v. Sharkey, 2008 WL 4482893, at *2 (10th Cir., Oct. 7, 2008).[3]

**III**

**AFFIRMED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[3] Martin's brief repeatedly refers to 18 U.S.C. § 3553(a), United States v. Booker, 543 U.S. 220 (2005), Rita v. United States, 127 S. Ct. 2456 (2007), and Gall v. United States, 128 S. Ct. 586 (2007), for the proposition that the Guidelines are advisory. Martin seems to argue that the Guidelines' advisory status by itself permits a reduction of his sentence. There can be no doubt, however, that § 3582(c)(2) is not advisory and that it only authorizes a sentence reduction when the Guidelines have been amended to allow a lower sentencing range.