**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

LLOYD TAPLIN,

　　　　Defendant - Appellant.

No. 08-2114

(D. New Mexico)

(D.C. No. 1:03-CR-01293-WJ-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

In 2003, Lloyd Taplin pleaded guilty to three counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). Utilizing the career offender provisions set out in U.S.S.G. § 4B1.1, rather than the crack cocaine provisions set out in U.S.S.G. § 2D1.1, the district court sentenced Taplin to a term of imprisonment of 151 months. In a series of amendments to the Sentencing Guidelines adopted in late 2007 and early 2008, the United States Sentencing Commission decreased by two levels the base offense level assigned to quantities

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of crack cocaine in § 2D1.1 and made that change retroactive to those previously sentenced under § 2D1.1. *United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008) (setting out history of Amendments 706 and 713 of the Sentencing Guidelines). Soon thereafter, Taplin filed a motion, pursuant to 18 U.S.C. § 3582(c), for a reduction in his sentence pursuant to Amendments 706 and 713. The district court denied the motion, concluding Taplin was not entitled to relief because his base offense level was set under the career offender guideline, rather than the crack cocaine guideline. Thus, this appeal presents the following pure question of law: Did the district court err in concluding Taplin was not entitled to relief under § 3582(c) because Taplin's offense level was set by application of the § 4B1.1 career offender guideline, rather than the crack cocaine provisions set out in U.S.S.G. § 2D1.1?

In a decision issued after the briefing was complete in this case, we resolved this exact question. *Sharkey*, 543 F.3d at 1239. *Sharkey* holds that when a defendant's base offense level is set under the § 4B1.1 career offender guideline, the defendant is not entitled to a reduction in his sentence pursuant to Amendment 706 and § 3582(c). *Id.* It further holds that neither the decision in *United States v. Booker*, 543 U.S. 220 (2005), nor in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), alter that outcome. *Sharkey*, 543 F.3d at 1239.

As *Sharkey* makes clear, the district court correctly denied Taplin's § 3582(c) motion for a reduction in his sentence. Thus, the order of the United

States District Court for the District of New Mexico denying Taplin's § 3582(c)

motion is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge