**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRAIG T. WILLIAMS,

Defendant - Appellant.

No. 08-3282

(D. Kansas)

(D.C. No. 99-CR-10092-WEB-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In 2000, Craig T. Williams pleaded guilty to three counts of a three-count indictment charging him with possessing with intent to distribute crack cocaine, cocaine hydrochloride, and marijuana, all in violation of 21 U.S.C. § 841(a)(1).

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Utilizing the career offender provisions set out in U.S.S.G. § 4B1.1, rather than the drug quantity provisions set out in U.S.S.G. § 2D1.1, the district court sentenced Williams to a term of imprisonment of 216 months.[1] In a series of amendments to the Sentencing Guidelines adopted in late 2007 and early 2008, the United States Sentencing Commission decreased by two levels the base offense level assigned to quantities of crack cocaine in § 2D1.1 and made that change retroactive to those previously sentenced under § 2D1.1. *United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008) (setting out history of Amendments 706 and 713 of the Sentencing Guidelines). Thereafter, Williams filed a motion, pursuant to 18 U.S.C. § 3582(c), for a reduction in his sentence pursuant to Amendments 706 and 713. The district court denied the motion, concluding Williams was not entitled to relief because his base offense level was set under the career offender guideline, rather than the crack cocaine guideline. Thus, this appeal presents the following pure question of law: Did the district court err in concluding Williams was not entitled to relief under § 3582(c) because his offense level was set by application of the § 4B1.1 career offender guideline, rather than the crack cocaine provisions set out in U.S.S.G. § 2D1.1?[2]

---

[1]This sentence represented a 46-month departure from the low-end of the properly calculated advisory Guidelines range of 262-327 months' imprisonment.

[2]Although Williams did not file a timely notice of appeal, the failure to do so does not implicate our jurisdiction. *United States v. Garduno*, 506 F.3d 1287, 1288-89 (10th Cir. 2007). Furthermore, because the United States did not raise

(continued...)

In a decision issued shortly before the briefing was complete in this case, we resolved this exact question. *Sharkey*, 543 F.3d at 1239. *Sharkey* holds that when a defendant's base offense level is set under the § 4B1.1 career offender guideline, the defendant is not entitled to a reduction in his sentence pursuant to Amendment 706 and § 3582(c). *Id.* It further holds that neither the decision in *United States v. Booker*, 543 U.S. 220 (2005), nor in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), alter that outcome. *Sharkey*, 543 F.3d at 1239.

As *Sharkey* makes clear, the district court correctly denied Williams' § 3582(c) motion for a reduction in his sentence. Thus, the order of the United States District Court for the District of Kansas denying Williams' § 3582(c) motion is hereby **AFFIRMED**.[3] Williams' request to proceed on appeal in forma pauperis is **GRANTED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[2](...continued)
the timeliness of Williams' notice of appeal, and because the resolution of this appeal on the merits will not lead to a waste of judicial resources, this court proceeds to the merits of this appeal. *United States v. Mitchell*, 518 F.3d 740, 749-50 & n.13 (10th Cir. 2008).

[3]Williams' "Motion Requesting to Amend and/or Incorporate Addendum to His Reply Brief to Government's Brief to Appellant's 18 U.S.C. § 3582(c)(2) Motion" is **granted**.