FILED
United States Court of Appeals
Tenth Circuit

May 13, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHNNY LEE DAWSON,

Defendant-Appellant.

No. 08-2229

(D. of N.M.)

(D.C. No. CR-04-537-RB)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Johnny Lee Dawson, a federal prisoner serving a 188-month sentence for

distribution of crack cocaine, appeals the denial of his motion for a sentence

reduction under 18 U.S.C. § 3582(c). The district court determined that although

recent amendments to the United States Sentencing Guidelines (USSG) lowered

certain base offense levels for crack cocaine crimes, Dawson was ineligible for

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

resentencing because he was sentenced as a career offender and not under the recently amended Guideline.

Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I. Background

In 2004, Dawson pleaded guilty to conspiracy to possess with intent to distribute and distribution of crack cocaine within 1000 feet of a school, violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and 860(a). Dawson's presentence report (PSR) attributed 1.8 grams of crack cocaine to these offenses. The PSR calculated a USSG § 2D1.1 base offense level of 18 for the amount of cocaine, a 1-level increase under § 2D1.2(a)(2) because the offenses occurred in close proximity to a school, and a 3-level acceptance of responsibility reduction, yielding a total offense level of 16. Coupled with Dawson's criminal history category of V, the guideline sentencing range would have been 41 to 51 months.

In light of Dawson's prior convictions for robbery and cocaine trafficking, the PSR also recommended a USSG § 4B1.1 career offender enhancement. This enhancement increased Dawson's adjusted offense level to 31, after accounting for the 3-level acceptance of responsibility reduction, and provided for a criminal history category of VI. The resulting guideline sentencing range was 188 to 235 months' imprisonment. The district court imposed a 188-month sentence, the low end of the guideline range.

In 2007, the Sentencing Commission amended the Guidelines by providing a 2-level reduction in base offense levels for certain crack cocaine offenses. *See* USSG App. C, Amend. 706 (Reason for Amend.); USSG § 1B1.10(a) and (c), Amends. 712, 713 (making Amendment 706 retroactive); *see* USSG § 2D1.1 (incorporating amended base offense levels); *see also United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008).

Pursuant to these amendments, Dawson filed a motion under 18 U.S.C. § 3582(c)(2), arguing he was entitled to a sentencing reduction as a result of Amendment 706 to the Guidelines. The district court noted that had Dawson been sentenced pursuant to USSG § 2D1.1, he would be entitled to the 2-level reduction to his base offense calculation. The court concluded, however, that "applying the amended sentencing guidelines d[id] not have the effect of lowering [Dawson's] applicable guideline range" because he was sentenced under the career offender provisions of USSG § 4B1.1. R., Vol. I, Doc. 37 at 4. The court concluded it was without jurisdiction to modify Dawson's career offender sentence because Amendment 706 had no effect on USSG § 4B1.1 and because of the limited scope of resentencing permitted under § 3582(c)(2). Consequently, the district court denied Dawson's motion.

Dawson now appeals.

## II. Analysis

Dawson argues the district court erred in failing to reconsider his sentence in light of the recent amendments to the Guidelines. He concedes our decision in *United States v. Sharkey*, 543 F.3d 1236 (10th Cir. 2008), forecloses his contentions of error, but nevertheless attempts to distinguish his arguments. We are not persuaded.

We review the district court's interpretation of a statute as well as the sentencing guidelines de novo. *Id.* at 1238. A district court's decision to deny a sentence reduction under 18 U.S.C. § 3582(c)(2), however, is reviewed for an abuse of discretion. *Id.* Since this case is not a direct appeal or a habeas petition, Dawson's motion depends entirely on § 3582(c)(2). *Id.* (citing *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)). Section 3582(c)(2) provides that when a defendant "has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1238–39 (emphasis added) (quoting § 3582(c)).

This case is on all fours with *Sharkey*. In that case, the defendant sought a sentence reduction after having been convicted of distributing crack cocaine within 1000 feet of a school. *Id.* at 1238. At sentencing, the district court applied

the career offender provisions under USSG § 4B1.1 and imposed a 188-month prison term. *Sharkey*, 543 F.3d at 1238. We concluded:

> At the time defendant was sentenced, had Amendment 706 been in place, it would have lowered by two levels his base offense level under § 2D1.1 to 28. However, Amendment 706 had no effect on the career offender guidelines in § 4B1.1, which were the guidelines used by the district court in sentencing Sharkey. As a result, "a reduction" in Sharkey's term of imprisonment "is not consistent with" the policy statement in § 1B1.10 "and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" because a two-level reduction in the offense level under Amendment 706 "does not have the effect of lowering [his] applicable guideline range." Because Amendment 706 has no effect on the Guideline Sharkey was sentenced under, Sharkey's motion for relief pursuant to § 3582(c)(2) was properly denied.

*Id.* at 1239 (citations omitted).

Dawson attempts to distinguish his circumstances by arguing that the original sentencing court in his case had "considered" the now-amended USSG § 2D1.1 guideline range as a factor in imposing a sentence at the low end of the career offender advisory range. Hence, he asserts, his sentence is based—at least in part—on a guideline range that has been subsequently lowered, thereby qualifying him for a resentencing proceeding under 18 U.S.C. § 3582(c)(2).

While the sentencing court may have considered, as one of the 18 U.S.C. § 3553(a) factors, the much lower sentencing range that Dawson would have qualified for in the absence of his status as a career offender, Dawson was nevertheless sentenced as a career offender. His sentencing range as a career offender was calculated based on the advisory USSG § 4B1.1 guideline. This

Guideline has not been lowered by the Sentencing Commission. *See Sharkey*, 543 F.3d at 1239.

Because we are unpersuaded by Dawson's attempts to differentiate his claims from *Sharkey*, we apply our binding precedent. *United States v. Mitchell*, 518 F.3d 740, 752 n. 14 (10th Cir. 2008) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.").

Finally, Dawson claims that post-*Booker*, an amendment to the Guidelines triggers a district court's resentencing authority under § 3582(c)(2) and the court's discretion is no longer limited by USSG § 1B1.10. *See United States v. Booker*, 543 U.S. 220 (2005) (excising the mandatory provision in 18 U.S.C. § 3553(b)(1)). He complains the courts have failed to recognize that the overall purpose of the amendments to the Guidelines is to minimize the disparity in crack sentencing. Essentially, he argues the limitations in § 1B1.10 are now "purely advisory" in light of *Booker*, and the more recent Supreme Court decisions in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *Gall v. United States*, 128 S. Ct. 586 (2007), and that the district court should have exercised its resentencing authority to reduce his sentence.

Prior precedent precludes this argument as well. In *United States v. Rhodes*, we concluded that "*Booker* simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)." 549 F.3d 833, 840

(10th Cir. 2008), *cert. denied*, No. 08-8318, 2009 WL 178619 (Apr 27, 2009). "*Booker* made no alteration to § 3582(c)(2), which, as noted, provides the statutory basis for sentence modification proceedings." *Id.* More recently, we reiterated that the limitation on modification proceedings arises not from USSG § 1B1.10, but from 18 U.S.C. § 3582(c). *United States v. Dryden*, --- F.3d ---, 2009 WL 1153690, at *2 (10th Cir. Apr. 30, 2009) (No. 08-3310) ("Section 3582(c) provides that a 'court may not modify a term of imprisonment once it has been imposed' unless a listed exception applies."). When Amendment 706 changed the base offense levels under USSG § 2D1.1, it did not necessarily follow that everyone convicted of a crack cocaine offense would be entitled to a resentencing under § 3582(c)(2). *See id.* ("It is not enough that the Sentencing Commission has lowered the offense level for similar offenses—such as distributing less crack cocaine than the defendant distributed."). In sum, we find that nothing in Dawson's arguments manifests he was entitled to a sentencing modification.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of Dawson's motion for resentencing. We further VACATE the order to show

cause.  Appellant's motion to supplement the record on appeal is GRANTED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge