FILED
United States Court of Appeals
Tenth Circuit

December 7, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DEON ROLLEN,

      Defendant-Appellant.

No. 08-1382
(D.C. No. 1:04-CR-00514-EWN-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

Deon Rollen appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Rollen's appointed counsel in this appeal filed an Anders brief, seeking permission to withdraw as counsel because the appeal is "wholly frivolous." See Anders v. California, 386 U.S. 738, 744 (1967). Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In January 2005, a grand jury indicted thirty-one defendants on 137 counts related to the sale and distribution of illicit drugs. The indictment charged Rollen with nineteen crack-cocaine-related counts. On the eve of trial, he pled guilty to all nineteen. In its Memorandum of Sentencing Hearing and Report of Statement of Reasons ("Sentencing Memorandum"), the district court found that Rollen's base offense level was thirty-eight, which the court reduced to thirty-six in light of Rollen's acceptance of responsibility. Combining this offense level with a criminal history category of IV, the court calculated Rollen's sentencing range as 235 to 293 months. The district court sentenced Rollen to 264 months' imprisonment. This court affirmed Rollen's sentence on appeal. United States v. Rollen, 239 F. App'x 451 (10th Cir. 2007).

On June 12, 2008, Rollen filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which permits a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Rollen contended his sentencing range had been lowered by an amendment to the United States Sentencing Guidelines ("USSG"). The district court denied Rollen's motion, concluding he was ineligible for a sentence reduction because the amendment on which he relied did not have the effect of lowering his applicable USSG range.

-2-

**II**

Rollen argued to the district court that Amendment 706 to the USSG qualified him for a sentence reduction. Amendment 706 "generally adjust[ed] downward by two levels the base offense level assigned to quantities of crack cocaine." United States v. Sharkey, 543 F.3d 1236, 1237 (10th Cir. 2008). It took effect in November 2007, but was subsequently made retroactive. See id. Prior to Amendment 706, a defendant found responsible for 1.5 kilograms or more of crack cocaine was assigned a base offense level of thirty-eight. See USSG § 2D1.1(c)(1) (Drug Quantity Table) (2006). But Amendment 706 revised § 2D1.1(c)(1) to apply base offense level thirty-eight only to defendants responsible for 4.5 kilograms or more of crack cocaine. USSG app. C, amend. 706.

However, merely having 1.5 kilograms or more of crack cocaine attributed to him during sentencing does not entitle a prisoner to relief. Section 3582(c)(2) provides that any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued a policy statement precluding a sentence reduction where an amendment "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). Thus, a prisoner may not obtain a reduction in sentence when he was responsible for 4.5 kilograms or more of crack cocaine, because a defendant responsible for 4.5 kilograms or more of crack

-3-

cocaine would still receive a base offense level of thirty-eight under the amended guidelines.

Rollen argued to the district court that the sentencing court found him responsible for less than 4.5 kilograms of crack cocaine. However, the district court determined that twelve kilograms of crack cocaine was attributed to Rollen during sentencing. Consequently, the district court denied Rollen's motion.

**III**

This court reviews a district court's decision to deny a sentence reduction under § 3582(c)(2) for abuse of discretion. Sharkey, 543 F.3d at 1238. "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." Kiowa Indian Tribe v. Hoover, 150 F.3d 1163, 1165 (10th Cir. 1998).

On appeal, Rollen contends that the district court erred in its reading of the sentencing court's drug quantity determination. In his Anders brief, Rollen's appellate counsel contends this issue is frivolous. Rollen has chosen not to offer additional argument to the court.

In Anders, the Supreme Court directed that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to the court and his or her client a brief addressing "anything in the record that might arguably support the appeal." Id. When counsel submits an Anders

brief accompanied by a motion to withdraw, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). If we concur in counsel's evaluation of the case, we may grant the request to withdraw and dismiss the appeal. See Anders, 386 U.S. at 744.

Based on our full examination of the record, Rollen's argument that the district court found him responsible for less than 4.5 kilograms of crack cocaine is frivolous. In its Sentencing Memorandum, the sentencing court considered the quantity of crack cocaine attributable to him and unambiguously stated that amount was twelve kilograms. It specifically "conclude[d] that in excess of eleven kilograms of crack was involved in 2003," and also found Rollen responsible for at least one kilogram of crack cocaine during a period in the fall of 2004. We agree with counsel's assessment that no meritorious issue exists on appeal.

## IV

We therefore **DISMISS** Rollen's appeal and **GRANT** counsel's motion for leave to withdraw.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge