**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 21, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CRAIG T. WILLIAMS,

    Defendant - Appellant.

No. 10-3097
(D.C. No. 6:99-CR-10092-WEB-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

Defendant-Appellant Craig T. Williams, a federal inmate appearing pro se, appeals from the district court's denial of relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) and (b)(6). We deny his motion to proceed in forma pauperis (IFP) and dismiss the appeal.

In May 2000, Mr. Williams pled guilty to a three-count indictment for

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

possession with intent to distribute cocaine base, cocaine, and marijuana. 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. He was sentenced to 216 months on each of counts 1 and 2, and 60 months on count 3, to run concurrently, with five years of supervised release on each of counts 1 and 2, and three years on count 3, also to run concurrently. 1 R. 14-15. The district court imposed an enhanced sentence based on Mr. Williams' prior conviction and career offender status. U.S.S.G. § 4B1.1. Mr. Williams asserts that enhancement was improper because the statute underlying his conviction encompassed the prior drug conviction.

In May 2008, Mr. Williams filed a motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and certain amendments to the Sentencing Guidelines. The district court denied the motion because he was sentenced under the career offender guideline rather than the affected crack cocaine guideline and we affirmed. United States v. Williams, 323 F. App'x 679, 680-81 (10th Cir. 2009). Then, after filing additional unsuccessful motions to reduce his sentence, Mr. Williams filed a motion requesting a nunc pro tunc amended judgment pursuant to Rules 60(b)(4) and (b)(6). The district court denied this motion concluding that Rule 60(b) was unavailable to collaterally attack the judgment of conviction. 1 R. 31. It also noted that although Rule 60(b) might be available to attack the procedure by which a collateral attack was decided, Mr. Williams did not file a § 2255 motion. Id.; see Gonzalez v. Crosby, 545 U.S. 524, 532-33 (2005); Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006); United

2

States v. Edge, 315 Fed. App'x 92, 95 (10th Cir. 2009). Accordingly, it denied the motion.

On appeal, Mr. Williams argues that the district court abused its discretion in denying his motion for various reasons and the merits of his claim. IFP Motion at 2A; Aplt. Br. at 3-4. The district court's conclusion is unassailably correct. Mr. Williams has not put forth a reasoned, non-frivolous argument to the contrary and dismissal is warranted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997).

We DENY IFP, DISMISS the appeal, and ORDER Mr. Williams to pay the full appellate filing fee.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge