**UNITED STATES COURT OF APPEALS**

**June 5, 2012**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

DARNELL REEVES,

      Defendant–Appellant.

No. 11-3368
(D.C. No. 6:93-CR-10036-MLB-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Darnell Reeves appeals the denial of his motion for a reduction of his sentence.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In 1993, Reeves pled guilty to one count of distribution of cocaine base. A

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

presence investigation report ("PSR") prepared using the 1992 version of the Guidelines calculated a total offense level of 35 and a criminal history category of VI. That calculation resulted in a Guidelines range of 292 to 365 months' imprisonment. The PSR also noted that Reeves qualified as a career offender, which would subject him to an offense level of 34 even if the characteristics of the offense of conviction resulted in a lesser level. The district court imposed a sentence of 365 months.

Following the adoption of an amendment to the Guidelines that alters the offense levels for certain crack offenses, see U.S.S.G. app. C, amend. 750, Reeves moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence. The district court denied the motion on October 20, 2011. Citing to the 18 U.S.C. § 3553 factors, and in particular to Reeves' conviction for possession of contraband while incarcerated, the court concluded that there "is no reason to believe that [Reeves] will be deterred from criminal activity if and when he is released."

In November 2011, Reeves filed a pro se request for reduction of sentence. The district court noted that Reeves, "represented by appointed counsel, made an identical motion which the court denied," and denied the pro se motion "for the same reasons." Reeves timely appealed that denial.

**II**

Under 18 U.S.C. § 3582(c)(2), a district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)" if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission." In light of that provision's

discretionary language, we review a district court's denial of a § 3582(c)(2) motion for

abuse of discretion. See United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008).

We conclude that the district court appropriately exercised its discretion in this

case. The court recognized that it had the authority to reduce Reeves' sentence. It also

correctly noted that Reeves would be subject to an amended Guidelines range of 262 to

327 months based on his career offender status[1] following the Sentencing Commission's

retroactive amendments. See U.S.S.G. app. C, amends. 750 & 759.

However, the district court determined that Reeves' sentence should not be

reduced and explained its decision by explicit reference to the § 3553(a) factors. In

particular, the court focused on Reeves' serious criminal history and his continued

violations of the law following his conviction. See 18 U.S.C. § 3553(a)(2)(B) (courts

must consider the need to "afford adequate deterrence to criminal conduct"). Because

Reeves was undeterred from criminal conduct, the district court ruled a sentence

reduction would be incompatible with the court's duty to "protect the public from further

crimes of the defendant." § 3553(a)(2)(C). Because the court properly weighed the

---

[1] In his reply brief, Reeves argues that he does not qualify as a career offender because he was sentenced concurrently for two prior state convictions. However, the Guidelines provide that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." U.S.S.G. § 4A1.2(a)(2). Reeves' PSR indicates that he was arrested and charged in case number A464615 while on bond in case number A629573. Accordingly, these two convictions are counted separately even though Reeves was sentenced concurrently, and he qualifies as a career offender.

relevant factors and reached a decision within the range of permissible options, it did not abuse its discretion.

Reeves argues in his appellate briefing that the district court's decision violates several Supreme Court cases, including United States v. Booker, 543 U.S. 220 (2005), Kimbrough v. United States, 552 U.S. 85 (2007), and United States v. Rodriguez, 553 U.S. 377 (2008). None of these cases, however, are relevant to the issues on appeal.

Finally, Reeves argues that his counsel was ineffective for failing to notify him of the district court's denial of his first § 3582 motion. He complains that he was unable to timely appeal that denial. However, Reeves appealed the district court's denial of his second § 3582 motion, which the district court described as "identical" to the former motion and denied for the same reasons. By considering this appeal, we have provided the only relief Reeves seeks with respect to his ineffective assistance claim. Accordingly, this issue is moot. See Spencer v. Kemna, 523 U.S. 1, 18 (1998) (holding that an issue is moot if "there is nothing for us to remedy").

### III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-4-