**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHAWN PAUL WILSON,

    Defendant - Appellant.

No. 15-6187
(D.C. No. 5:11-CR-00154-M-10)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Shawn Paul Wilson appeals from the denial of his motion to reduce his sentence under Amendment 782 of the U.S. Sentencing Guidelines ("U.S.S.G.") and 18 U.S.C. § 3582(c). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.  BACKGROUND

## A.  *Conviction and Original Sentence*

On August 9, 2011, Mr. Wilson pled guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846 from approximately September 2010 to April 2011.  At his sentencing hearing on April 5, 2012, the district court determined Mr. Wilson's sentencing guideline range was 120-50 months of imprisonment based on the 2011 U.S.S.G., which was effective at the time of sentencing.[1]  The court imposed a downward-variant sentence of 60 months in prison.

## B.  *Amendment 782 and the Denial of Mr. Wilson's Motion to Reduce His Sentence*

The Sentencing Commission subsequently promulgated Amendment 782, effective November 1, 2014, which provides a retroactive two-offense-level reduction for certain drug offenses.  Mr. Wilson moved for a sentence reduction under 18 U.S.C. § 3582(c), contending application of Amendment 782 would reduce his guideline range from 120-50 ("original range") to 100-25 months ("amended range").

Under 18 U.S.C. § 3582(c) ("Modification of an Imposed Term of Imprisonment"), a court must follow the instructions in U.S.S.G § 1B1.10 to determine a "prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  At issue in district court was which § 1B.10 should apply:  the 2010 version, which was in effect when Mr.

---

[1] *See* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.")

Wilson committed the offense, or the 2014 version, which was in effect when Mr. Wilson moved for a reduced sentence.

The United States contended the 2014 version should apply because the Guidelines Manual instructs that "the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." § 1B.10 cmt. n.1 (2014). It argued Mr. Wilson was ineligible for a sentence reduction under the 2014 version because (1) his original sentence of 60 months was less than his amended range of 100-25 months, *see* § 1B1.10(b)(2)(A) (2014), and (2) the original variance was not based on substantial assistance to the United States, *see* § 1B1.10(b)(2)(B) (2014).

Mr. Wilson contended the 2010 version should apply instead. He argued that, under this version, he was eligible for a reduction below the amended range comparable to the reduction he received below his original range. *See* § 1B1.10(b)(2)(B) (2010). Because the 2014 version eliminated the possibility of such a comparable reduction, Mr. Wilson argued application of the 2014 version would violate the *Ex Post Facto* Clause of the Constitution, art. I, § 9, cl. 3.

The district court denied Mr. Wilson's motion. The court applied the 2014 version of § 1B.10 and determined his new total offense level under Amendment 782 was 25. Applying his original criminal history category of V to his new total offense level, it calculated a revised guideline range of 100 to 125 months. The court concluded Mr. Wilson was ineligible for a sentence reduction under the 2014 version of § 1B.10 because (1) his original sentence of 60 months was less than the 100-month minimum of the

revised guideline range, *see* § 1B1.10(b)(2)(A) (2014), and (2) the original variance was not based on substantial assistance to the United States, *see* § 1B1.10(b)(2)(B) (2014).

The district court rejected Mr. Wilson's argument that application of the 2014 version of § 1B.10 violated the *Ex Post Facto* Clause, quoting *United States v. Diggs*, 768 F.3d 643 (7th Cir. 2014): "[b]y nature, a § 3582(c)(2) proceeding to reduce a sentence does not have any bearing on the ex post facto clause, because it cannot increase a punishment." 768 F.3d at 645.

## II.  DISCUSSION

### A.  *Standard of Review and Legal Background*

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quotations omitted).

Under 18 U.S.C. § 3582(c)(2),

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement issued by the Sentencing Commission is U.S.S.G. § 1B1.10, entitled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)."

Section 3582 "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

On appeal, Mr. Wilson argues that the district court violated the *Ex Post Facto* Clause because it applied the 2014 rather than the 2010 version of § 1B1.10(b)(2) at step one.

1. **2010 Version of § 1B1.10**

The 2010 version provides:

(a) **Authority**.

> (1) *In general*. In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) *Exclusions*. A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or

(B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range

. . .

(b) **Determination of reduction in term of imprisonment**.

. . . .

(2) *Limitations and prohibition on extent of reduction.*

(A) <u>In general</u>. Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B) <u>Exception</u>. If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

. . . . .

(c) **Covered amendments**. Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.

§ 1B1.10 (2010) (emphasis added).

2. **2014 Version of § 1B1.10(b)(2)(B)**

In 2011, § 1B1.10(b)(2) was amended to the following, which remained in the

2014 version:

(B) <u>Exception for Substantial Assistance</u>. If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to

authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

§ 1B1.10(b)(2)(B) (2014) (emphasis added).  In short, the 2010 version generally permitted "a reduction comparably less than the amended guideline range." § 1B1.10(b)(2)(B) (2010).  The 2014 version allowed such a reduction only if it was based on substantial assistance to the Government.

3.  **Amendment 782 and the 2014 Version of § 1B1.10(d) ("Covered amendments")**

The Commission issued Amendment 782, effective November 1, 2014, to provide a retroactive two-offense-level reduction for certain drug offenses.  It simultaneously added Amendment 782 to the list of "Covered amendments" in § 1B1.10(d).[2]

### B.  *Analysis*

To violate the *Ex Post Facto* Clause, a change in law must present a "sufficient risk of increasing the measure of punishment attached to the covered crimes."  *Peugh v. United States*, 133 S. Ct. 2072, 2082 (2013) (quotations omitted).  The district court's application of the 2014 version of § 1B1.10 could not have violated the *Ex Post Facto* Clause because Mr. Wilson is ineligible for a reduction under both the 2010 and 2014 versions of § 1B1.10.

Mr. Wilson is ineligible for a reduction under the 2010 version because Amendment 782, adopted in 2014, plainly was not listed in the 2010 version's § 1B1.10(c)—"Covered amendments."  *See* § 1B1.10(A)(2) (2010) ("A reduction in the

---

[2] Due to an unrelated amendment of § 1B1.10 in 2014, the "Covered amendments" provision previously denominated § 1B1.10(c) became § 1B1.10(d).

defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—(A) None of the amendments listed in subsection (c) ["Covered amendments"] is applicable to the defendant . . .").

Mr. Wilson is also ineligible for a reduction under the 2014 version, which does include Amendment 782, for the reasons indicated by the district court. His original sentence of 60 months is less than his amended guideline range of 100-25 months of imprisonment—a range he does not contest. *See* § 1B1.10(b)(2)(A) (2014). And his original variance was not based on substantial assistance. *See* § 1B1.10(b)(2)(B) (2014).

III. **CONCLUSION**

Because Mr. Wilson is ineligible for a reduction under either version of § 1B1.10, we affirm the district court's denial of his motion for a reduced sentence.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge