**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIMBERLY CHANCELLOR,

Defendant - Appellant.

No. 24-5120
(D.C. No. 4:08-CR-00022-GKF-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Kimberly Chancellor, proceeding pro se,[1] appeals the denial of his motion for

a sentence reduction under 18 U.S.C. § 3582(c).  We have jurisdiction under

28 U.S.C. § 1291 and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Chancellor proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In 2008, a jury convicted Chancellor of one count of Aggravated Sexual Abuse of a Minor in Indian Country and two counts of Attempted Aggravated Sexual Abuse of a Minor in Indian Country. *See* 18 U.S.C. §§ 1153, 2241(c). The court sentenced him to life imprisonment. This court affirmed on direct appeal. *See United States v. Chancellor*, 376 F. App'x 826, 830 (10th Cir. 2010). He subsequently filed a 28 U.S.C. § 2255 motion, attempting to collaterally attack his conviction and sentence. The district court denied the § 2255 motion, and Chancellor did not appeal.

Effective November 1, 2024, the United States Sentencing Commission passed Amendment 821, part A to the United States Sentencing Guidelines (USSG). This amendment "provides an adjustment to the two-point criminal history enhancement previously attributed to defendants who committed the instant offense while under a criminal justice sentence pursuant to USSG § 4A1.1." R. vol. 1 at 57.

Chancellor sought to benefit from this amendment by filing a motion for resentencing under 18 U.S.C. § 3582(c). The district court, though, denied the motion because, even if it were to sentence Chancellor using the revised guideline calculation (i.e., with a criminal history point total of three instead of five), the guideline range would still be life imprisonment. So, § 3582(c)(2) did not authorize a sentence reduction. *See* USSG § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in [USSG § 1B1.10(d), including Amendment 821, part A] does not have the effect of lowering the defendant's applicable guideline range.").

2

"We review de novo the district court's interpretation of a statute or the sentencing guidelines, [and] [w]e review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (internal quotation marks and citation omitted). "When a motion for a sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of the motion depends entirely on 18 U.S.C. § 3582(c)." *Id.* (internal brackets and quotation marks omitted).

The arguments Chancellor presents on appeal, even liberally construed, do not address the reasons the district court denied his § 3582 motion. Instead, he raises challenges to his underlying conviction and sentence, arguing, for example, that venue was improper. Those arguments are not properly before the court in this appeal concerning his § 3582 motion. Accordingly, we affirm the district court's order denying Chancellor's § 3582(c) motion because his opening brief "contains nary a word to challenge the basis" of the district court's denial. *Nixon v. City & Cnty. of Denver*, 784 F.3d 1363, 1369 (10th Cir. 2015); *see also Garrett*, 425 F.3d at 841 ("Issues will be deemed waived if they are not adequately briefed." (brackets and internal quotation marks omitted)).[2]

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[2] We deny Chancellor's "Motion for Judicial Notice."