**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TRENTON McDANIEL,

      Defendant-Appellant.

No. 06-6150
(D.C. No. CR-99-2-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

This case is before us on direct appeal of the district court's denials of

Trenton McDaniel's petition for a writ of coram nobis and motion to

recharacterize proceedings, through which McDaniel seeks to attack his criminal

conviction and sentence. McDaniel now appeals, seeking to proceed in forma

pauperis ("IFP"). We **GRANT** his motion to proceed IFP, and address his

petition on the merits. For substantially the same reasons set forth by the district

---

[*] The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

court, we **AFFIRM** the denial of both McDaniel's petition for a writ of coram nobis and his motion for recharacterization.

Pursuant to a plea agreement, McDaniel pled guilty to one count of distribution of crack cocaine in exchange for dismissal of the remaining four counts against him. On May 27, 1999, McDaniel was sentenced to 216 months' incarceration. There was no direct appeal of his conviction or sentence. However, McDaniel filed his petition for a writ of coram nobis on October 24, 2005. On November 15, 2005, McDaniel filed a motion to recharacterize his coram nobis petition as a "Habeas corpus type petition for post-conviction relief." Relying on United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), which held that a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis, the court denied McDaniel's request for a writ of coram nobis. Additionally, the court declined to recharacterize his petition as a 28 U.S.C. § 2255 habeas petition because such a claim would be barred by the statute of limitations. The district court also denied McDaniel a certificate of appealability ("COA") "to the extent that defendant's action could be characterized as a motion pursuant to 28 U.S.C. § 2255."

On appeal of a denial of a writ of coram nobis, we review de novo the question of whether a district court applied the proper legal standard, and review the ultimate decision to deny the writ for an abuse of discretion. See United

-2-

States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000). Because McDaniel is in the custody of the Bureau of Prisons serving his federal sentence, he may not challenge his conviction or sentence through a writ of coram nobis. Therefore, the district court's denial of such a writ is affirmed. See Torres, 282 F.3d at 1245.

The district court also declined to recharacterize McDaniel's coram nobis petition as a § 2255 petition. We have generally disfavored such recharacterization for pro se prisoners because of our concern that construing a motion as a § 2255 petition would lead courts to bar subsequent habeas petitions as successive. See United States v. Kelly, 235 F.3d 1238, 1242 (10th Cir. 2000). We have required that district courts inform pro se prisoners of the potential adverse consequences of such a recharacterization and give them the opportunity to withdraw their motion. Id. In this case, the district court declined to recharacterize McDaniel's petition on the basis that even if his petition had been recharacterized, it would have been barred by § 2255's one-year statute of limitations.[1] McDaniel filed his motion more than six years after his conviction became final.

---

[1] McDaniel's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).

Four of the five claims in McDaniel's petition for a writ of coram nobis were based on issues which should have been raised on direct appeal. Accordingly, McDaniel must show cause for not raising these issues on direct appeal and actual prejudice resulting from the errors alleged, or must show that a fundamental miscarriage of justice would result if his claim is not addressed. United States v. Riddick, 104 F.3d 1239 (10th Cir. 1997). He makes no such showing. In his final claim, McDaniel contends his sentencing violated Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). We have held that neither case applies retroactively to cases that became final prior to their issuance, such as McDaniel's. United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005). We discern no error in the district court's decision not to recharacterize McDaniel's motion as a § 2255 petition which would have inevitably failed. Accordingly, we **AFFIRM** the district court's denial of the writ of coram nobis, and its decision not to recharacterize McDaniel's petition as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-4-