FILED
United States Court of Appeals
Tenth Circuit

June 19, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TRENT MCDANIEL,

    Defendant-Appellant.

No. 08-6275

(D.C. No. CR-99-0002-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, BRISCOE,** and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is,

therefore, submitted without oral argument.

Defendant Trent McDaniel, appearing pro se, appeals from the district

court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

3582(c)(2). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I

On January 5, 1999, a federal grand jury indicted McDaniel on one count of using a communication facility to facilitate the distribution of cocaine base, in violation of 21 U.S.C. § 843(b), and four counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). On January 27, 1999, McDaniel pleaded guilty to a single count of distributing cocaine base (Count 4 of the indictment) in exchange for the government's dismissal of the remaining counts.

A presentence investigation report (PSR) was subsequently prepared and disclosed to the parties. The PSR concluded McDaniel was accountable for 6.71 grams of cocaine base and, in turn, assessed a base offense level of 26 pursuant to U.S.S.G. § 2D1.1. However, because McDaniel qualified as a career offender under U.S.S.G. § 4B1.1(a), the PSR, in accordance with U.S.S.G. § 4B1.1(b), increased McDaniel's base offense level to 34 and placed him in criminal history category VI. McDaniel did not object to application of the career offender provisions. Instead, the only objection he lodged to the PSR was to its recommendation that, because of his continued use of drugs while on bond awaiting sentencing, he not receive a three-level reduction in his offense level for acceptance of responsibility.

The district court conducted a sentencing hearing on May 27, 1999, during which it sustained McDaniel's objection to the PSR and reduced his offense level

2

to 31. The district court then sentenced McDaniel to 216 months of imprisonment, a term within the guideline range of 188 to 235 months. McDaniel did not file a direct appeal.[1]

On November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). Amendment 706 provided a two-level reduction in base offense levels for cocaine base-related offenses. See id. On December 11, 2007, the Sentencing Commission promulgated Amendments 712 and 713 which, together, operated to make Amendment 706 retroactive. Amendments 712 and 713 themselves became effective as of March 3, 2008.

On March 27, 2008, McDaniel filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). In his motion, McDaniel asserted that the district court "should give [A]mendment 706 full retroactive effect . . . and reduce his base offense level by two (2)." ROA, Doc. 56 at 1. McDaniel also argued, for the first time, that he should have been held responsible for

---

[1] In late 2005, McDaniel filed a petition for writ of coram nobis with the sentencing court. Shortly thereafter, McDaniel filed a motion to recharacterize his petition as a 28 U.S.C. § 2255 habeas petition. The district court denied McDaniel's motion to recharacterize and his request for a writ of coram nobis. This district court then denied McDaniel a certificate of appealability (COA). This court affirmed the denial of COA in an unpublished order. United States v. McDaniel, 192 F. App'x 805, 806 (10th Cir. 2006).

3

distributing only 3.6 grams of cocaine base, rather than the 6.71 grams of cocaine base calculated by the PSR and adopted by the district court at the time of sentencing. Together, McDaniel asserted, these two modifications would result in a final offense level of 26 and, in combination with his criminal history category of VI, a guideline range of 121-150 months of imprisonment.

On December 16, 2008, the district court denied McDaniel's motion, noting that Amendment 706 had no effect on the career offender provisions of the guidelines under which McDaniel was originally sentenced.

McDaniel now appeals.

II

McDaniel argues on appeal that the district court erred in concluding it lacked authority to consider his motion for reduction of sentence. We review de novo the district court's scope of authority in a sentence reduction proceeding under 18 U.S.C. § 3582(c)(2). United States v. Rhodes, 549 F.3d 833, 837 (10th Cir. 2008), cert. denied, 129 S. Ct. 2052 (2009); United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008).

McDaniel's motion for reduction of sentence was filed pursuant to 18 U.S.C. § 3582(c)(2). That statutory subsection, entitled "Modification of an imposed term of imprisonment," provides:

> The court may not modify a term of imprisonment once it has been imposed except that–

4

* * *

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The district court concluded, and we agree, that McDaniel's case did not fall within the scope of § 3582(c)(2) because, although McDaniel was convicted of a cocaine-base related offense and Amendment 706 resulted in the lowering of base offense levels for cocaine-base related offenses, McDaniel's sentencing range was ultimately based on the career offender provisions of the guidelines and those provisions were unaffected by Amendment 706. See Sharkey, 543 F.3d at 1239 (noting that "Amendment 706 had no effect on the career offender guidelines in § 4B1.1"). Thus, under the plain language of § 3582(c)(2), the district court lacked authority to reduce McDaniel's sentence.

McDaniel argues, however, that the Supreme Court's recent decision in Spears v. United States, 129 S. Ct. 840 (2009), effectively afforded the district court authority to consider his motion for reduction of sentence. In particular, McDaniel points to the Supreme Court's statement in Spears "clarify[ing] that district courts are entitled to reject and vary categorically from the crack-cocaine

5

Guidelines based on a policy disagreement with those Guidelines." 129 S.Ct. at 843-44.

We conclude McDaniel's reliance on Spears is misplaced. Spears involved a direct criminal appeal, and the quoted statement cited by McDaniel concerned a district court's authority, at the time of original sentencing or at a resentencing hearing following an appellate remand, to vary from the crack-cocaine Guidelines. Spears has no impact on a district court's authority to reduce a defendant's sentence under § 3582(c)(2). Further, Spears does not overrule our prior precedent interpreting § 3582(c)(2), which includes Sharkey.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
