**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

RODNEY MILLER,

  Defendant-Appellant.

No. 08-2299
(D.C. No. 1:97-CR-00731-BB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

Rodney Miller, a federal prisoner serving a 262-month sentence for distribution of crack cocaine, appeals the denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court determined that although Amendments to the United States Sentencing Guidelines (Guidelines)

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

lowered certain base offense levels for crack cocaine offenses, Mr. Miller was not eligible for resentencing because he was sentenced as a career offender. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On April 7, 1998, Mr. Miller pleaded guilty to possessing with intent to distribute fifty grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). The plea agreement stated that the government would file an Information giving notice for eligibility for imposition of a sentence under the enhanced penalty provisions of 21 U.S.C. §§ 841(b)(1)(A) and 851. Additionally, the plea agreement stated that the mandatory minimum sentence was twenty years' imprisonment. Mr. Miller's presentence report calculated a base offense level of 34, after accounting for acceptance of responsibility, a career offender enhancement under Guidelines § 4B1.1, and a criminal history category of VI. His Guidelines sentencing range was 262 to 327 months' imprisonment, and the district court sentenced him to the low end of that range at 262 months' imprisonment.[1]

On November 1, 2007, "[t]he Guidelines, through Amendment 706, generally adjusted downward by two levels the base offense level assigned to quantities of crack cocaine." *United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008). Through Amendments 712 and 713, Amendment 706 became

---

[1] Mr. Miller did not appeal. The district court dismissed his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

retroactive on March 3, 2008. *United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009).

On October 27, 2008, Mr. Miller, proceeding pro se, sought reduction of his sentence under § 3582(c)(2) based on the Amendments. Additionally, he argued that the Guidelines are merely advisory in light of *United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 552 U.S. 85 (2007); and *Gall v. United States*, 552 U.S. 38 (2007), and that the district court must treat the Guidelines as advisory when resentencing him under § 3582(c)(2). The district court appointed counsel for Mr. Miller. Three days after the government responded to Mr. Miller's motion for reduction of his sentence, the district court denied the motion. That same day, appointed counsel moved to reconsider, noting the fact that Mr. Miller had not had an opportunity to reply. Ten days later, Mr. Miller also filed a notice of appeal. After the district court granted the motion to reconsider in a text only entry, we granted Mr. Miller's motion to remand and abated this appeal pending further district court proceedings. Mr. Miller then filed in district court a combined reply, a supplement to his pro se § 3582(c)(2) motion for reduction of sentence, and a request for reconsideration of the district court's decision. The district court again denied the motion for reduction of sentence, holding that the Amendments are inapplicable to Mr. Miller due to his career offender classification. Mr. Miller filed an amended notice of appeal. We lifted the abatement.

Mr. Miller argues that although he was sentenced as a career offender, his sentence should be reduced under § 3582(c)(2) based on retroactive application of the crack cocaine Amendments. Also, he contends that under *Booker* and later cases the district court must treat the Guidelines as advisory upon resentencing under § 3582(c)(2).

"We review de novo the district court's interpretation of a statute or the sentencing guidelines. We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." *Sharkey*, 543 F.3d at 1238 (citation and quotation marks omitted). Since this case is not a direct appeal or an appeal from the denial of § 2255 relief, Mr. Miller's motion for reduction of sentence depends only on § 3582(c)(2). *See Sharkey*, 543 F.3d at 1238. Section 3582(c)(2) permits a court to reduce a sentence if the sentencing range has been lowered by the Sentencing Commission.

Mr. Miller's sentence, however, is not based on a sentencing range that has been lowered. As we held in *Sharkey*, "Amendment 706 ha[s] no effect on the career offender guidelines in § 4B1.1" and therefore a reduction in sentence is not authorized under § 3582(c)(2). *Sharkey*, 543 F.3d at 1239. Furthermore, *Sharkey* recognized that "the *Booker* line of cases [does not] provide[] a separate basis for relief under § 3582(c)(2)." *Sharkey*, 543 F.3d at 1239; *see also Rhodes*, 549 F.3d at 840 (concluding "that *Booker* simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)").

Despite acknowledging *Sharkey*, Mr. Miller cites authority from other circuits that he argues is contrary to *Sharkey*. "We[, however,] are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *See United States v. Mitchell*, 518 F.3d 740, 752 n.14 (10th Cir. 2008) (quotation marks omitted).

Mr. Miller has filed a motion to supplement his opening brief. His request is based on three attachments to his motion: (1) a Memorandum of the Justice Department; (2) a statement of an Assistant Attorney General before the United States Senate Committee on the Judiciary Subcommittee on Crime and Drugs; and (3) a letter from the West Virginia United States Attorney to the chief judge of the West Virginia District Court. These attachments indicate that the government seeks to eliminate the disparity in sentencing in crack and powder cocaine cases. The government's new policy in sentencing proceedings in cases involving crack cocaine, including career-offender cases, is to treat crack cocaine and powder cocaine quantities the same as a starting point in analyzing a variance. Mr. Miller, however, acknowledges that the government does not intend any changes to apply retroactively. Indeed, both the Justice Department's memorandum and the letter of the West Virginia United States Attorney state that this policy change does not authorize reductions in sentences beyond what is authorized by § 3582(c)(2) and the Amendments.

Typically, we do not consider materials outside the district court record. *See United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000). And we decline to exercise our inherent equitable authority to do so in this case. *See id.* (recognizing inherent equitable power to supplement record). In any event, the new materials would not change the outcome of this case, since the new policy does not apply retroactively. Thus, we deny Mr. Miller's motion to supplement his brief.

The judgment of the district court is AFFIRMED. Mr. Miller's motion to supplement his brief is DENIED.

Entered for the Court

Wade Brorby
Senior Circuit Judge