FILED
United States Court of Appeals
Tenth Circuit

July 12, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

RODNEY MILLER,

    Defendant–Appellant.

No. 12-2032
(D.C. No. 1:97-CR-00731-BB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Rodney Miller, a federal prisoner serving a 262-month sentence for distribution of crack cocaine, appeals the denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). His counsel moves for leave to withdraw in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291, we

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismiss the appeal and grant counsel's motion to withdraw.

# I

In 1998, Miller pled guilty to possession with intent to distribute 50 grams or more of a mixture and substance containing cocaine base. Because Miller fell within the career offender provision of U.S.S.G. § 4B1.1, his United States Sentencing Guidelines range was 262 to 327 months' imprisonment. The district court sentenced him to the low end of that range.

In 2007, the United States Sentencing Commission amended the Guidelines by "adjust[ing] downward by two levels the base offense level assigned to quantities of crack cocaine." United States v. Sharkey, 543 F.3d 1236, 1237 (10th Cir. 2008). Based on these amendments, Miller sought a reduction of his sentence under 18 U.S.C. § 3582(c)(2). However, the district court determined that Miller was not eligible for resentencing because his sentence was dictated by the career offender guideline, which had not changed. See United States v. Miller, 348 F. App'x 384, 385-86 (10th Cir. 2009). We affirmed. Id. at 387.

In 2010, the Commission further reduced the base offense level for quantities of crack cocaine pursuant to the Fair Sentencing Act. U.S.S.G., App. C, Amendment 750 (Nov. 1, 2011). Again, Miller sought to reduce his sentence under § 3582(c)(2), and the district court found him ineligible because he was sentenced under the career offender provision. Miller appealed to this court, and we appointed counsel, who now moves for

leave to withdraw asserting there are no issues of merit in this appeal. The court provided Miller an opportunity to file a pro se brief; however, Miller declined to do so.

**II**

An attorney may seek leave to withdraw if, after conscientiously examining a case, he or she determines that an appeal would be wholly frivolous. Anders, 386 U.S. at 744. Under these circumstances, counsel must submit a brief highlighting any potentially appealable issues. If the court determines that the appeal is in fact frivolous based on its independent review of the record, we will grant the request to withdraw and dismiss the appeal. Id.

We agree with counsel that there is no non-frivolous ground upon which to proceed on Miller's appeal. Miller's sentence is based on his status as a career offender, not on a sentencing range lowered by Amendment 750. He is therefore ineligible for relief under § 3582(c)(2). See Sharkey, 543 F.3d at 1239; see also U.S.S.G. Manual, App. C, at 394, Amendment 750 (stating that sentences for career offenders, dictated by § 4B1.1, "are unaffected" by the Amendment).

**III**

Because we are not presented with any meritorious grounds for appeal, we

**GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-4-